(35 Misc. Rep. 203.)

SMITH v. NEW YORK COOPERAGE CO., Limited.

(City Court of New York, General Term. May, 1901.)

1. PLEADING—ANSWER—SEPARATE DEFENSES.
    Plaintiff sued as assignee of a claim for damages for wrongful discharge. Defendant corporation, by its answer, denied the assignment, and also alleged that plaintiff was not the real party in interest as a separate defense. *Held*, that the latter allegation was not good, as the question of ownership could have been fully investigated under denial of assignment.

2. ACTION BY ASSIGNEE—DEFENSES.
    In an action by assignee of claim for damages for wrongful discharge, an allegation that plaintiff's assignor is not a resident of the state constitutes no defense.

3. ABATEMENT—ANOTHER ACTION PENDING.
    An action for wrongful discharge is not barred by an action to recover for services rendered under the same contract of employment prior to the discharge.

4. ACTION BY ASSIGNEE—PLEADING—REPLY.
    In an action by an assignee of a claim for wrongful discharge, defendant set up as a counterclaim that plaintiff's assignor had failed to account for certain moneys belonging to defendant. *Held* that, where plaintiff in his reply denied such indebtedness, he could also allege as a separate defense that his assignor had fully accounted for such moneys.

Appeal from special term.

Action by Charles Smith against the New York Cooperage Company, Limited. Demurrer to answer sustained, and defendant's demurrer to reply of plaintiff overruled.

The following is the opinion at special term (O'DWYER, J.):

"Demurrer by the plaintiff to the first and second separate defenses set forth in defendant's answer, upon the ground that they are insufficient in law upon the face thereof, and demurrer by the defendant to the separate defense set forth in the amended reply of the plaintiff to the counterclaim alleged in the defendant's answer, upon the ground that the same is insufficient in law upon the face thereof. The action is brought by the plaintiff, a resident of the state of New York, as assignee of one Orrin R. Whitney, to recover damages for the breach of a contract for employment for the period of one year by the defendant, a foreign corporation, organized under the laws of the state of New Jersey. The first defense contained in the answer alleges that the plaintiff is not the real party in interest, and that his assignor is a nonresident of the state of New York, and the second defense alleges that the plaintiff is not the real party in interest, and that there is another action pending against this defendant, brought by one Roach as assignee of said Orrin R. Whitney. The complaint alleges in the eighth paragraph 'that prior to the commencement of this action the said Orrin R. Whitney, for value, duly sold and assigned to the plaintiff as aforesaid the claim or demand against the defendant for damages for breach by it of the aforesaid contract of employment,' and by proper denial this allegation is put in issue. The allegations that the plaintiff is not the real party in interest do not amount to separate defenses, inasmuch as the legal title to the claim is in the plaintiff, and under the denial of the assignment thereof the ownership of the claim can be fully investigated. Brown v. Powers, 53 App. Div. 251, 65 N. Y. Supp. 733. With respect to the allegation in the first defense, that the plaintiff's assignor is a nonresident of the state, that allegation does not amount to a defense.

"If the plaintiff has the legal title to the claim in suit, the fact that the claim was assigned to him for the sole purpose of conferring jurisdiction upon this court as a more convenient way to get the relief desired than would be possible in the courts of the defendant's residence is no bar to the plaintiff's action. Assuming that the plaintiff's assignor could not maintain this action in the courts of this state, the plaintiff, a resident, may nevertheless do so. Lindheim v. Sitt, 33 Misc. Rep. 62, 68 N. Y. Supp. 145; Bank v. Townley, 159 N. Y. 490, 54 N. E. 74. The statement in the second defense, that there is another action pending by one Roach, as assignee, to recover for the services actually rendered under the contract of employment, does not amount to a defense. The claim for wages earned and due before the dismissal, and for damages for a wrongful dismissal, constitute two separate and independent causes of action, and may be prosecuted separately. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663. The counterclaim set forth in the ninth paragraph of the answer alleges that on divers days between the 1st day of June and the 1st day of September, 1899, the defendant delivered, paid over, and intrusted to the said Orrin R. Whitney, as its manager aforesaid, to be expended by him for the benefit and for the account of this defendant, and in and about its business, certain sums of money, amounting in the aggregate to the sum of $1,617.61, and that the said Orrin R. Whitney received the same for the purpose aforesaid, and that he has accounted to this defendant for the sum of $984.08 only, which he expended for and on behalf of this defendant, and that at the time of the alleged assignment set out in the complaint, and at the time of the commencement of this action, there was due and owing to this defendant from said Orrin R. Whitney the sum of $633.43, which he has failed to account for to this defendant. This allegation is denied by the plaintiff in his reply, and then, for a further and separate defense to the counterclaim, alleges 'that Orrin R. Whitney, the plaintiff's assignor, has fully and fairly accounted for and paid over to the defendant, or to other persons, corporations, and firms to its use, any and all

moneys which may have been delivered, paid over, or intrusted to the said Orrin R. Whitney by the defendant, as in said counterclaim alleged.' In order to establish its counterclaim, all that the defendant is bound to show is that the moneys claimed to have been paid to the plaintiff's assignor were in fact paid to him by the defendant for its use, and upon doing so it may rest. Under the denial the plaintiff would be permitted to disprove the receipt by its assignor of the moneys, and possibly that he had accounted to the defendant therefor, but he would not be permitted to show that he had paid the money so received by him either to the defendant, or to others for the defendant's use; that being a matter of affirmative defense. Andrews v. Moller, 37 Hun, 481; Salisbury v. Stinson, 10 Hun, 242; Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541. The plaintiff's demurrer to the first and second separate defenses contained in the answer of defendant must be sustained, with $20 costs, with leave to defendant to amend within six days upon the payment of costs, and the defendant's demurrer to the separate defense contained in the reply of the plaintiff must be overruled, with $20 costs."

Argued before FITZSIMONS, C. J., and DELEHANTY and SCHUCHMAN, JJ.

Theall & Beam (John Theall and John F. Forrester, of counsel), for appellant.

Lyman A. Spalding, for respondent.

PER CURIAM. The construction of the pleadings by the justice at special term, upon the argument of the demurrers herein, was clearly right, and the interlocutory judgment should therefore be affirmed. with costs, on his opinion.

Judgment affirmed, with costs.